1
2
3
4
5
6
7
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12

13   MANUEL QUIROZ, JR.,           )      Case No.: C 10-02421 PVT
                                    )
14              Plaintiff,          )      **ORDER GRANTING DEFENDANT**
         v.                         )      **DICKERSON'S MOTION TO DISMISS,**
15                                  )      **OR IN THE ALTERNATIVE TO**
                                    )      **TRANSFER**
16   JEFFREY A. DICKERSON, ET AL.,  )
                                    )      **[Docket No. 5**]
17              Defendants.         )
     _____)

18

19
         Defendant Jeffrey A. Dickerson moves to dismiss or, in the alternative, to transfer the above-
20
     captioned action.  Plaintiff Manuel Quiroz, Jr. proceeding *pro se* opposes the motion.  Pursuant to
21
     Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on
22
     September 21, 2010 is vacated.  Having reviewed the papers and considered the arguments of
23
     counsel,
24
         IT IS HEREBY ORDERED that defendant Dickerson's motion to transfer the above-
25
     captioned action is granted.[1]
26

27   _____
          [1]       The holding of this court is limited to the facts and particular circumstances underlying
28   the present motion.

**BACKGROUND**

In the complaint, plaintiff Quiroz alleges that defendant Dickerson represented his wife, Vivian Simon, and her two siblings, Donald and Edward Simon, in an underlying action prosecuted in U.S. District Court, District of Nevada.  (collectively "Plaintiffs Simon").  Plaintiffs Simon all reside in California.  During the course of the underlying action, Donald and Edward Simon died, and their respective estate interests were later prosecuted by their respective spouses.  Both spouses also reside in California.  Defendant Dickerson is an attorney admitted in Nevada.  He is not admitted in California but has appeared *pro hac vice* on unrelated cases at least several times in this state.  Plaintiffs Simon engaged defendant Dickerson to represent them in the underlying action; they signed the engagement/contingency agreement in California and forwarded it to him in Nevada, and the parties maintained extensive communications with him via electronic mail, telephone, and facsimile.  Although plaintiff Quiroz was not a named party in the underlying litigation, he and his wife, Vivian Simon, advanced defendant Dickerson money (from California to Nevada) for anticipated litigation expenses.  Plaintiff Quiroz also paid the expert witness fees for the forensic financial analyst engaged in the underlying litigation.

By the conclusion of the underlying action, plaintiff Quiroz and his wife had expended nearly $400,000 in costs and had encumbered their real property (located in California) as security.  The underlying action eventually settled for $700,000, and the parties and defendant Dickerson now dispute how the proceeds from the settlement should have been disbursed.  Indeed, plaintiff Vivian Simon filed a state court action in Nevada against defendant Dickerson regarding his alleged failure to pay her certain settlement proceeds.  (the "state court action").  Plaintiff Quiroz argued (via telephone) on behalf of his wife at a hearing on a motion for injunctive relief.  The state court action was later referred to arbitration and the state court action was dismissed.

In the above-captioned action, plaintiff Quiroz alleges claims for breach of contract, breach of the covenant of good faith and fair dealing, and fraud.  Specifically, he alleges that there were actual conflicts among the Plaintiffs Simon and defendant Dickerson should not have represented all of them.  Plaintiff Quiroz further alleges that defendant Dickerson placed his own financial interests ahead of his clients.

**LEGAL STANDARD**

Pursuant to Rule 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *See* Fed R. Civ. P. 4(k)(1)(A).  Under California's long-arm statute, federal courts sitting in California may exercise personal jurisdiction over any nonresident to the extent permitted by the Due Process Clause of the United States Constitution.  *See* Cal. Code Civ. Pro. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Core-Vent v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993).  Due process requires that the defendant, if not present within the territory of the forum, "have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A state may exercise either general or specific jurisdiction over a defendant.  *See Helicopteros Nacionales de Colombia, S.A.. v. Hall*, 466 U.S. 408, 414-15 (1984).  General jurisdiction exists if defendant's activities within the forum state are "substantial" or "continuous and systematic." *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, 447 (1952).  To determine whether general jurisdiction exists, courts look to "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for the service of process, holds a license, or is incorporated there." *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  (internal citations omitted).  "The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence." *Id.*  Additionally, general jurisdiction, even where continuous and systematic, must be reasonable.  *See Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.,* 1 F.3d 848, 852-853 (9th Cir. 1993).

Alternatively, a district court may assert specific jurisdiction over a nonresident defendant where "(1) the nonresident defendant [performs] some act or consummate[s] some transaction with the forum or perform[s] some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the

1   claim must be one which arises out of or result from the defendant's forum-related activities; and (3)

2   exercise of jurisdiction must be reasonable." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320

3   (9th Cir. 1998).

4          The purposeful availment requirement is satisfied if the defendant "has taken deliberate

5   action" toward the forum state and has "purposefully directed" his efforts toward forum residents.

6   *Id.* (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)); *Dole Food Co., Inc. v. Watts*, 303

7   F.3d 1104, 1111 (9th Cir. 2002).  To demonstrate that the plaintiff's claim arises out of defendant's

8   forum-related activities, the plaintiff must show that the defendant's contacts in the forum state are

9   "sufficiently related to the underlying causes of action" and "have some degree of proximate

10  causation to be considered for purposes of jurisdiction." *Metro-Goldwyn-Mayer Studios Inc. v.*

11  *Grokster, Ltd.*, 423 F.Supp.2d 1073, 1085 (C.D. Cal. 2003) (citing *Doe v. American Nat'l Red*

12  *Cross*, 112 F.3d 1048, 1051-52 (9th Cir. 1997)); *see also Bancroft & Masters*, 223 F.3d at 1088.  To

13  satisfy the last requirement, "the exercise of personal jurisdiction must be reasonable." *Panavision*

14  *Int'l, L.P.*, 141 F.3d at 1322.

15         To defeat jurisdiction, the defendant bears the burden of demonstrating unreasonableness and

16  must present a "compelling case." *Core-Vent*, 11 F.3d at 1487 (citing *Burger King Corp. v.*

17  *Rudzewicz*, 471 U.S. 462, 476-77 (1985)).  The court will consider seven factors to address the

18  question of reasonableness: "(1) the extent of a defendant's purposeful interjection; (2) the burden

19  on the defendant in defending in the forum: (3) the extent of conflict with the sovereignty of the

20  defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient

21  judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in the

22  convenient and effective relied; and (7) the existence of an alternative forum." *Burger King*, 471

23  U.S. at 476-77.  The court must balance all seven factors; no one factor is dispositive.  *Core-Vent*, 11

24  F.3d at 1488.

25  **A.   GENERAL JURISDICTION**

26         Defendant Dickerson lacks sufficient contacts with California for this court to find general

27  jurisdiction.  He is an attorney domiciled in Nevada and has only appeared *pro hac vice* three times

28  in this state.  For a court to assert general jurisdiction over a nonresident defendant, the defendant's

1   activities in the state must be "continuous and systematic;" a "more demanding standard than is

2   necessary for establishing specific jurisdiction." *ALS Scan*, *Inc. v. Digital Services Consultants,*

3   *Inc.,* 293 F.3d 707, 712 (4th Cir. 2002).

4        Defendant does not make sales or regularly engage in business in the state, he has not

5   designated an agent in California, he does not pay taxes in the state, he does not hold a license

6   within the state, and his firm is not incorporated here. *See Bancroft & Masters, Inc. v. Augusta Nat'l*

7   *Inc.*, 223 F.3d at 1086.

8        **B.   SPECIFIC JURISDICTION**

9        Notwithstanding the above, plaintiff Quiroz claims that defendant Dickerson has sufficient

10   minimum contacts with California to subject him to specific jurisdiction. Applying the three-part test

11   from *Ballard,* the court considers whether defendant Dickerson purposefully availed himself of "the

12   benefit and privilege of conducting activities" in California. *Ballard,* 65 F.3d at 1498.  To that end,

13   the court undertakes a "qualitative evaluation of the defendant's contacts with the forum state."

14   *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987).   As long as defendant's contacts create a

15   "substantial connection" with the forum state, even a single act can support jurisdiction. *Burger*

16   *King v. Rudzewicz,* 471 U.S. 462, 476 (1985).  A court examines the circumstances surrounding the

17   contract, including "prior negotiations[,] contemplated future consequences . . ., the terms of the

18   contract, and the parties actual course of dealing" in determining whether the existence of a contract

19   establishes purposeful availment.  *Id.* at 479.  Defendant's actions, such as negotiating, executing or

20   performing a contract there, frequently qualify as an invocation of the forum's benefits and

21   protections. *See Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801-802 (9th Cir. 2004).

22        Here, it appears that the parties negotiated and executed the engagement agreement from

23   their respective states, California and Nevada.  Defendant Dickerson was hired because he was an

24   attorney licensed to practice in Nevada and could perform legal duties in that state, including

25   representing the plaintiffs Simon in an action pending in U.S. District Court in Nevada.

26        Although plaintiff Quiroz and his wife forwarded payments to defendant Dickerson from

27   California to Nevada, communicated with him (from California to Nevada), and secured property in

28   California for the costs arising in connection with the action pending in Nevada,  plaintiff Quiroz's

1   claims arise from forum-related activities that occurred in Nevada.  Specifically, plaintiff Quiroz's

2   claims relate to the nature and quality of legal services provided by defendant Dickerson in that

3   state.   Because defendant Dickerson has not purposefully availed himself of the benefits and

4   protections of this forum, the court need not reach the remaining requirements necessary to satisfy

5   specific personal jurisdiction.  Resolving any conflicts as to facts in plaintiff Quiroz's favor and

6   viewing the evidence most favorably toward him, he has not made a prima facie showing of

7   jurisdiction.  *See, e.g., Doe I v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2001)(citing *Ballard,* 65

8   F.3d at 1498).  Accordingly, defendant Dickerson's motion to transfer the above-captioned action is

9   granted.  The above-captioned action shall be transferred to the District of Nevada.  The case

10  management conference scheduled to be held on September 21, 2010 is vacated and any pending

11  motions shall be terminated without prejudice to any renewed motions to be filed in the new district.

12          IT IS SO ORDERED.

13  Dated:      September 16, 2010

                                                        *Patricia V. Trumbull*
                                                        _____
14                                                      PATRICIA V. TRUMBULL
                                                        United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28