UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MANUEL QUIROZ, JR.,

    Plaintiff,

v.

JEFFREY A. DICKERSON.,

    Defendant.

3:10-cv-0657-LRH-RAM

ORDER

Before the court is plaintiff Manuel Quiroz, Jr.'s ("Quiroz") motion for a litigation abuse injunction. Doc. #44.[1] Defendant Jeffrey A. Dickerson ("Dickerson") filed an opposition (Doc. #46) to which Quiroz replied (Doc. #48).

This action arises out of defendant Jeffrey A. Dickerson's ("Dickerson") representation of Quiroz's wife, Vivian Simon, in an underlying action prosecuted in the District of Nevada. As part of the underlying litigation, Quiroz and his wife advanced Dickerson money for anticipated litigation expenses. The litigation settled and Dickerson disbursed the settlement proceeds.

On June 1, 2010, Quiroz filed a complaint against Dickerson in the Northern District of California for breach of contract, breach of the covenant of good faith and fair dealing, and fraud in relation to his disbursement of the settlement proceeds and subsequent failure to compensate

---

[1] Refers to the court's docket number.

1 Quiroz and his wife for the advanced litigation costs. Doc. #1. The action was transferred to the
2 District of Nevada by the Northern District of California. *See* Doc. #35.
3      Thereafter, Quiroz filed the present motion for a litigation abuse injunction. Doc. #44.
4 Quiroz requests the court enter an injunction against Dickerson for litigation abuse similar to a
5 comparable order issued against Dickerson in *Hussein v. University and Community College*
6 *System of Nevada*, 3:04-cv-0455-JCM-GWF, a separate action where Dickerson was counsel for
7 the plaintiff.
8      The court has reviewed the documents and pleadings on file in this manner and finds that
9 Quiroz's requested injunction is without merit. First, Quiroz cites no legal authority warranting
10 such an injunction. Second, the order issued in *Hussein* involved issues unrelated to the underlying
11 litigation regarding Dickerson's control over his vexatiously litigious client. Accordingly, the court
12 shall deny Quiroz's motion for a litigation abuse injunction.

14      IT IS THEREFORE ORDERED that plaintiff's motion for a litigation abuse injunction
15 (Doc. #44) is DENIED.
16      IT IS SO ORDERED.
17      DATED this 5th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE