UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MANUEL QUIROZ, JR.,

   Plaintiff,

v.

JEFFREY A. DICKERSON.,

   Defendant.

3:10-cv-0657-LRH-RAM

ORDER

  Before the court is plaintiff Manuel Quiroz, Jr.'s ("Quiroz") renewed motion for issuance of a writ of attachment. Doc. #70.[1] Defendant Jeffrey A. Dickerson ("Dickerson") filed an opposition (Doc. #71) to which Quiroz replied (Doc. #72).

**I. Facts and Background**

  This action arises out of defendant Jeffrey A. Dickerson's ("Dickerson") representation of Quiroz's wife, Vivian Simon, and her relatives Donald and Ed Simon, in a separate action prosecuted in the District of Nevada ("the Simons action").[2] As part of the underlying litigation, Quiroz alleges that he advanced a large sum of money for litigation expenses which was supposed to be repaid from any settlement or damages award to the named plaintiffs. The Simons action

---

[1] Refers to the court's docket number.

[2] *See Simon v. United States Welding Co.*, 3:04-cv-0472-ECR.

settled[3] and Dickerson disbursed the settlement proceeds. However, Dickerson did not use any of the settlement proceeds to pay Quiroz.

On June 1, 2010, Quiroz filed a complaint against Dickerson alleging three causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) breach of fiduciary duty. Doc. #1. Thereafter, Quiroz filed the present motion for issuance of a writ of attachment. Doc. #70.

**II.     Discussion**

Nevada Revised Statutes Section 31.010(1) provides that a plaintiff may "apply to the court for an order directing the clerk to issue a writ of attachment and thereby cause the property of the defendant to be attached as security for the satisfaction of any judgment that may be recovered." NRS § 31.010(1). The court may order the clerk to issue a writ of attachment after notice under any of the following circumstances: (1) in an action "upon a judgment or upon a contract, express or implied, for the direct payment of money"; (2) in any case where "the attachment of the property of the defendant is allowed pursuant to this chapter or other provision of law"; or (3) in any case where the court "finds that extraordinary circumstances exists which will make it improbable for the plaintiff to reach the property of the defendant by execution after the judgment has been entered." NRS § 31.013. Here, Quiroz argues that he is entitled to attachment under the first circumstance: that there is an express or implied contract for the direct payment of money.

In assessing Quiroz's motion, the court considers the allegations in the complaint and the affidavit filed in support of the motion to determine the "probable validity of the plaintiff's underlying claim against the defendant." NRS § 31.026.  "If the court determines such claim is probably valid [the court] shall order the clerk to issue a writ of attachment." *Id.*

Here, Quiroz alleges three claims against Dickerson: (1) breach of contract; (2) breach of

---

[3] A complete copy of the settlement agreement is attached as Exhibit 3 to Quiroz's reply to his motion for writ of attachment. In the settlement agreement, $300,000 was set aside to cover litigation expenses incurred by the plaintiffs in prosecuting the action. *See* Doc. #72, Exhibit 3.

2

1   the covenants of good faith and fair dealing; and (3) breach of fiduciary duty. Doc. #1. The court
2   has reviewed the documents and pleadings on file in this matter and finds that Quiroz has not
3   demonstrated the "probable validity" of his underlying claims. *See* NRS § 31.026. First, Quiroz
4   acknowledges that there is no express contract between him and Dickerson for the repayment of
5   litigation expenses. Second, there is no mention of Quiroz or monies advanced by Quiroz within
6   the settlement agreement. Although Quiroz argues that the named plaintiffs in the Simons action
7   intended for him to be repaid from the settlement agreement, he does not provide any evidence or
8   affidavits from the named plaintiffs in that action establishing such an intent to cover his litigation
9   expenses form the settlement agreement. Thus, there is insufficient evidence before the court to
10  establish that Quiroz was an intended third-party beneficiary of the settlement agreement.

11        Further, the court is informed that Vivian Simon, one of the named plaintiffs in the Simons
12  action, has initiated a separate fee dispute action against Dickerson before the Nevada State Bar's
13  fee arbitration division. This action may have ramifications to the present action. However, there is
14  no information before the court concerning the underlying basis for the fee dispute or its progress in
15  arbitration. Therefore, based on the incomplete record before the court, the court finds that Quiroz
16  has not demonstrated the "probable validity" of his claims. As such, the court declines to issue a
17  writ of attachment at this time.

19        IT IS THEREFORE ORDERED that plaintiff's motion for a writ of attachment (Doc. #70)
20  is DENIED.

21        IT IS SO ORDERED.
22        DATED this 28th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3