UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MANUEL QUIROZ, JR.,

    Plaintiff,

v.

JEFFREY A. DICKERSON.,

    Defendant.

3:10-cv-0657-LRH-RAM

ORDER

Before the court is plaintiff Manuel Quiroz, Jr.'s ("Quiroz") motion for reconsideration of the court's denial of his motion for a writ of attachment (Doc. #73[1]). Doc. #74.

## I. Facts and Background

This action arises out of defendant Jeffrey A. Dickerson's ("Dickerson") representation of Quiroz's wife, Vivian Simon, and her relatives Donald and Ed Simon, in a separate action prosecuted in the District of Nevada ("the Simons action").[2] As part of the underlying litigation, Quiroz alleges that he advanced a large sum of money for litigation expenses which was supposed to be repaid from any settlement or damages award to the named plaintiffs. The Simons action

---

[1] Refers to the court's docket number.

[2] *See Simon v. United States Welding Co.*, 3:04-cv-0472-ECR.

settled[3] and Dickerson disbursed the settlement proceeds. However, Dickerson did not use any of the settlement proceeds to pay Quiroz.

On June 1, 2010, Quiroz filed a complaint against Dickerson alleging three causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) breach of fiduciary duty. Doc. #1. On March 31, 2011, Quiroz filed a motion for issuance of a writ of attachment (Doc. #70) which the court denied for lack of sufficient evidence establishing that Quiroz was entitled to pre-judgment attachment (Doc. #73). Thereafter, Quiroz filed the present motion for reconsideration of the court's denial order. Doc. #74.

**II.   Motion to Reconsider**

Quiroz brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In his motion, Quiroz contends that the court erred in failing to hold a hearing on his motion for a writ of attachment pursuant to NRS 31.026. *See* Doc. #74.

The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's prior order is without merit. In the court's order denying Quiroz's motion for a writ of attachment, the court found that Quiroz failed to demonstrate the "probable validity" of his underlying claims which is a statutory requirement prior to receiving a hearing. *See*

---

[3] A complete copy of the settlement agreement is attached as Exhibit 3 to Quiroz's reply to his motion for writ of attachment. *See* Doc. #72, Exhibit 3.

2

NRS § 31.026. Because Quiroz failed to meet this preparatory requirement, no hearing was required under Nevada law and it was not error for the court to issue a written order. Accordingly, the court shall deny Quiroz's motion for reconsideration.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #74) is DENIED.

IT IS SO ORDERED.

DATED this 27th day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE