UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MANUEL QUIROZ, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEFFREY A. DICKERSON., ) <br> ) <br> Defendant. ) <br> ) | 3:10-cv-0657-LRH-RAM <br><br> ORDER |

Before the court are defendant Jeffrey A. Dickerson's ("Dickerson") motion for summary judgment (Doc. #77[1]) and motion to strike (Doc. #82).

Also before the court is plaintiff Manuel Quiroz, Jr.'s ("Quiroz") counter-motion for summary judgment. Doc. #81.

**I.    Facts and Background**

This action arises out of defendant Jeffrey A. Dickerson's ("Dickerson") representation of Quiroz's wife, Vivian Simon, and her relatives Donald and Ed Simon, in a separate action prosecuted in the District of Nevada ("the Simons action").[2] As part of the underlying litigation, Quiroz alleges that he advanced a large sum of money for litigation expenses which was supposed

---

[1] Refers to the court's docket number.

[2] *See Simon v. United States Welding Co.*, 3:04-cv-0472-ECR.

1  to be repaid from any settlement or damages award to the named plaintiffs. The Simons action
2  settled[3] and Dickerson disbursed the settlement proceeds. However, Dickerson did not use any of
3  the settlement proceeds to pay Quiroz.
4       On June 1, 2010, Quiroz filed a complaint against Dickerson alleging three causes of action:
5  (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) breach of
6  fiduciary duty. Doc. #1. Thereafter, Dickerson and Quiroz filed the present motions for summary
7  judgment. Doc. ##77, 81.

**II.   Legal Standard**

9       Summary judgment is appropriate only when the pleadings, depositions, answers to
10  interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and
11  other materials in the record show that "there is no genuine issue as to any material fact and the
12  movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In assessing a motion for
13  summary judgment, the evidence, together with all inferences that can reasonably be drawn
14  therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita
15  Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora
16  Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).
17       The moving party bears the initial burden of informing the court of the basis for its motion,
18  along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v.
19  Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the
20  moving party must make a showing that is "sufficient for the court to hold that no reasonable trier
21  of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259
22  (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).
23       To successfully rebut a motion for summary judgment, the non-moving party must point to

---

[3] A complete copy of the settlement agreement is attached as Exhibit 3 to Quiroz's reply to his motion for writ of attachment. *See* Doc. #72, Exhibit 3.

1 facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*
2 *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might
3 affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
4 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary
5 judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute
6 regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could
7 return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a
8 scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute;
9 there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

**III.   Discussion**

In his motion, defendant Dickerson contends that it is undisputed that Quiroz was not his client and was not an intended third-party beneficiary of the underlying settlement agreement. *See* Doc. #77. In opposition, Quiroz concedes that he was not Dickerson's client, but contends that the undisputed evidence establishes that he advanced large sums of money as initial litigation costs, that it was agreed upon by Dickerson's clients that he was to be repaid from the settlement agreement, and that Dickerson failed to repay him in accordance with his client's wishes and the settlement agreement. *See* Doc. #81.

The court has reviewed the documents and pleadings on file in this matter and finds that there are disputed issues of material fact precluding summary judgment. Specifically, the court finds that there are disputed issues of fact as to whether Quiroz was an intended third-party beneficiary of the settlement agreement; whether all parties to the underlying litigation agreed to have Quiroz repaid for advanced litigation costs; and whether the settlement agreement's "repayment of expenses" clause covers non-client paid litigation expenses. Therefore, the court shall deny both motions for summary judgment.

As to Dickerson's motion to strike, the court notes that Quiroz is a pro se plaintiff that

should be granted leniency in complying with the various local rules. Therefore, the court shall deny Dickerson's motion to strike.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #77) and motion to strike (Doc. #82) are DENIED.

IT IS FURTHER ORDERED that plaintiff's cross-motion for summary judgment (Doc. #81) is DENIED.

IT IS FURTHER ORDERED that the parties shall have thirty (30) days after entry of this order to file a joint proposed pre-trial order.

IT IS SO ORDERED.

DATED this 20th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE