UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MANUEL QUIROZ, JR., ) | |
| ) | |
| Plaintiff, ) | 3:10-CV-00657-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| JEFFREY A. DICKERSON, ) | |
| ) | |
| Defendant. ) | |

Before the court is plaintiff Manuel Quiroz, Jr.'s Motion for Bond on Appeal (#135[1]). Defendant Jeffrey Dickerson has responded (#144), and Quiroz has replied (#149). Also before the court is Dickerson's Motion for Stay of Judgment without Bond (#151), to which Quiroz has responded (#152), and Dickerson has replied (#153).

After a four-day trial, a jury returned a verdict against Dickerson on Quiroz's claims of breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and negligence. The jury also awarded Quiroz punitive damages. The total judgment reached $449,914.00 (#134).

In his Motion for Bond on Appeal, Quiroz has moved for a bond for costs on appeal as well as for a supersedeas bond. In a civil case, "the district court may require an appellant to file a bond

---

[1] Refers to court's docket number. This particular motion is erroneously styled "Motion to Enforce Judgment" in the court's electronic docket.

or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7; *see also Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 954 (9th Cir. 2007). In addition, the appellant may obtain a stay of the judgment by posting a supersedeas bond under Federal Rule of Civil Procedure 62(d).

Here, it is appropriate that Dickerson post a bond for costs on appeal. Dickerson further urges this court to stay the judgment without the requirement of posting a supersedeas bond. A stay of judgment normally requires a supersedeas bond because a supersedeas bond "protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). "When determining whether to waive the posting of bond, the district court may look to several criteria ... : (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . . ; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position ." *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (9th Cir.1988) (quotation marks and citations omitted).

Here, the court finds that Quiroz faces a serious risk of a later uncollectible judgment. Dickerson also relies on the fifth *Dillon* factor by asserting that a stay without bond will "financially annihilate" him, pointing to a $1.14 million sanction imposed against him by another court. However, in the same argument, Dickerson avers that "he has not filed bankruptcy and . . . would not do so as it relates to this judgment." (Dickerson's Reply #153, p. 3:21-24.) A waiver of the bond requirement pending appeal is therefore inappropriate.

IT IS THEREFORE ORDERED that Quiroz's Motion for Bond on Appeal (#135) is GRANTED in part and DENIED in part. Dickerson shall post a two thousand dollar ($2,000) bond for Quiroz's costs on appeal.

IT IS FURTHER ORDERED that Dickerson's Motion to Stay Judgment without Bond (#151) is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of April, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3