

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MANUEL QUIROZ, JR., ) | |
| ) | |
| Plaintiff, ) | 3:10-CV-00657-LRH-WGC |
| ) | |
| v. ) | |
| ) | ORDER |
| JEFFREY A. DICKERSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Before the Court is Defendant Jeffrey A. Dickerson's ("Dickerson") Second Motion for Stay of Judgment Pending Appeal. Doc. #190.[1] Plaintiff Manuel Quiroz, Jr. ("Quiroz") filed a Response (Doc. #195), to which Dickerson did not reply.

**I.   Facts and Procedural History**

On January 22, 2013, following a jury trial, the Court entered judgment in favor of Quiroz and against Dickerson in the amount of $449,914.00.[2] Doc. #134. Thereafter, on February 17, 2013, Dickerson filed a Notice of Appeal. Doc. #139. On April 22, 2013, the Court denied Dickerson's First Motion to Stay Judgment Without Bond. Doc. #161. On September 5, 2013, Dickerson filed the present Motion for Stay of Judgment Pending Appeal, proposing a "bond or other security" in the amount of $100,000.00. Doc. #190.

---

[1] Refers to the Court's docket number.

[2] The Court has since issued a Bill of Costs ordering that costs are taxed in the amount of $1,134.22 and shall be included in the judgment. Doc. #191; Doc. #192.

## II.  Legal Standard

To stay the execution of a judgment pending appeal, ordinarily the appellant must furnish a proper supersedeas bond. Fed. R. Civ. P. 62(d); *see also* Fed. R. App. P. 8(a)(1) (a party must ordinarily move first in the district court for a stay pending appeal and approval of the supersedeas bond). "The purpose of the supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979). The bond should ordinarily include the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay. *See id.* at 1191 (holding that Rule 62(d) is consistent with its predecessor, Civil Rule 73(d), which required a bond to include costs on the appeal, interest, and damages for delay).

An appellant may be entitled to a waiver of the full bond requirement and a discretionary stay only in extraordinary cases. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990). The burden is on the moving party to "objectively demonstrate the reasons for such a departure." *Poplar Grove*, 600 F.2d at 1191. Courts that have examined this question have held that a waiver should be granted only "if the filing of a supersedeas bond would irreparably harm the judgment debtor and, at the same time, such a stay would not unduly endanger the judgment creditor's interest in ultimate recovery." *Cayuga Indian Nation of N.Y. v. Pataki*, 188 F.Supp.2d 223, 254 (N.D.N.Y.2002) (internal citations omitted). Upon waiving the full supersedeas requirement, courts "often require alternative security considerably in excess of the amount of the judgment." *Id.* at 255 (internal citations omitted); *see also Int'l Telemeter Corp. v. Hamlin Intern. Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (holding that a district court may permit security other than a bond).

## III.  Discussion

The Court's judgment in this matter, including taxable costs, totals $451,048.22. *See* Doc. #134; Doc. #192. As such, the Court shall grant Dickerson's Motion for Stay of Judgment Pending Appeal on the condition that he posts a full supersedeas bond in the amount of $451,048.22 in

accordance with this Order. In the event the Court's judgment is affirmed on appeal, the Court reserves the right to modify its April 22, 2013 Order requiring Dickerson to post a $2,000.00 bond for Quiroz's costs on appeal in order to fully compensate him for the expense of appeal. *See* Doc. #161.

The Court finds that this is not a case warranting waiver of the full supersedeas bond requirement. In denying Dickerson's first Motion to Stay Judgment, the Court found that Quiroz faced a serious risk of being unable to collect on the judgment in this matter. *See* Doc. #161, p. 2. The Court reiterates this concern now. Dickerson contends that "[c]ollection activity will financially annihilate [him]." Doc. #190, p. 3. Dickerson further asserts that "[i]f anything, [he] would be in a better financial position to pay at the conclusion of the appeal." Doc. #190, p. 3. However, Dickerson fails to explain and the Court fails to understand how this would be the case. Moreover, Dickerson has not shown that a lesser amount than the total judgment in this matter would adequately protect Quiroz's interest in ultimate recovery. Nor has he presented to the Court a financially secure plan for maintaining solvency during the period of appeal. Finally, Dickerson omits any explanation of the "other security with a value of $100,000.00" that he proposes in place of a supersedeas bond. Thus, the Court finds that Dickerson has not sufficiently demonstrated his need for a departure from the normal supersedeas bond requirement.

## IV. Conclusion

IT IS THEREFORE ORDERED that Dickerson's Motion for Stay of Judgment Pending Appeal (Doc. #190) is GRANTED conditioned upon Dickerson posting a full supersedeas bond in the amount of $451,048.22 with a qualified third-party financial institution within twenty (20) days of the issuance of this Order.

IT IS SO ORDERED.

DATED this 31st of October, 2013.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3