# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| MANUEL QUIROZ, JR., | ) | 3:10-cv-00657-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | January 21, 2015 |
| | ) | |
| JEFFREY A. DICKERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>    REPORTER: <u>                FTR                </u>

COUNSEL FOR PLAINTIFF:  <u>  Manuel Quiroz, Jr., In Pro Per (Telephonically)  </u>

COUNSEL FOR DEFENDANT:  <u>  Jeffrey Dickerson, In Pro Per (Telephonically)  </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:59 a.m.  Court convenes.

The court convenes to address the following motions:

## I.  <u>Defendant's Emergency Request to File Under Seal (Doc. # 224)</u>

Defendant Jeffrey Dickerson makes an oral motion to withdraw his Emergency Request to File Under Seal (Doc. # 224).

In view of Mr. Dickerson's request, Defendant's Emergency Request to File Under Seal (Doc. # 224) is **MOOT**.

The court notes for the record that the only document that has been filed under seal relating to the issue of confidential account information is Defendant's Reply In Support of Motion to Determine SEP Accounts Exempt (Doc. # 234).  The court finds Doc. # 234 is properly filed under seal.

/
/

1

Minutes of Proceedings
3:10-cv-00657-LRH-WGC
January 21, 2015

## II.    Defendant's Motion to Determine SEP (Retirement) Accounts Exempt (Doc. # 220)

The court hears argument regarding the appropriateness of this court determining whether Defendant's SEP accounts are exempt from execution by statute.

Although Defendant Dickerson filed the motion to determine the exempt status of certain retirement (SEP) accounts, he argues he was improperly required to do so by the court.  The court acknowledges it did direct Dickerson to do so.  However, the court stated the intent was to allow the parties to secure a ruling in advance of execution on Dickerson's retirement (SEP) accounts, a process which the court suggested would reduce expenses to the parties, inconvenience to third parties and effect an expeditious resolution of the account's status.  Mr. Dickerson argues, however, the court's determination whether Defendant's SEP accounts are exempt would be more of an advisory opinion.  Therefore, the court declined to enter this arena and Defendant's Motion to Determine SEP Accounts Exempt (Doc. # 220) is **DENIED without prejudice**.

Following the court's ruling, Mr. Dickerson makes an oral motion to vacate the court's order found at Doc. # 218, ¶ II, relating to Defendant Dickerson being prohibited from transferring funds out of specific retirement (SEP) accounts.

The court finds that, until there is resolution between the parties regarding any exempt or non-exempt accounts as to Defendant Dickerson, the court's order found at Doc. # 218, ¶ II shall continue.  Therefore, Mr. Dickerson is precluded from transferring funds out of the accounts identified at page 2 of his opposition until further order of this court.  Mr. Dickerson's oral motion to vacate order is **DENIED**.

## III.   Plaintiff's Motion (Doc. # 216)

Plaintiff's motion Doc. # 216 requests the court for three separate orders: (A) court order requiring Defendant/Debtor Dickerson to make monthly payments toward satisfying the judgment; (B) for assignment or "turn-over" order of monies received from Dickerson's civil cases; and (C) for a monthly accounting of all income received by Dickerson commencing December 1, 2014 and thereafter.

The court addresses each topic separately and orders the following:

### (A)    Plaintiff, Judgment Creditor's request for court ordered payments from Defendant/Debtor Dickerson toward satisfying the judgment

Plaintiff's component "A" as to Doc. # 216 is **DENIED**.  Plaintiff seeks the court to order

2

Minutes of Proceedings
3:10-cv-00657-LRH-WGC
January 21, 2015

Defendant Dickerson to pay Plaintiff Quiroz a certain sum of money allegedly agreed to at his debtor's examination (Doc. # 221-1).  The court finds the agreement the parties reached at the debtor's examination, if any, to be vague.  Additionally, the parties have failed to submit a stipulation/proposed order relating to payments from Mr. Dickerson, as suggested by the court in the deposition transcript found at page 34.  (Doc. # 221-1).

**(B)**     **Plaintiff, Judgment Creditor's request for assignment or turn-over order of monies received from Dickerson's civil cases**

Plaintiff's component "B" as to Doc. # 216 is **GRANTED in part**.  Mr. Dickerson is ordered to turn-over income he may be receiving from other civil cases to the extent the funds are not exempt.  The court explains NRS 21.320 authorizes a district court to order any property of the judgment debtor, not exempt from execution, to be applied toward the satisfaction of the judgment.[1]

**(C)**     **Plaintiff, Judgment Creditor's request for a monthly accounting of all income received by Dickerson commencing December 1, 2014 and thereafter**

Plaintiff's component "C" as to Doc. # 216 is **MOOT**.  In view of Mr. Dickerson's representations that he will be providing Mr. Quiroz with the accounting income information Plaintiff is requesting, component "C" is no longer at issue.

Therefore, Plaintiff's motion (Doc. # 216) is **GRANTED in part and DENIED in part.**

**IV.**     **Objections to Magistrate Judge's Orders**

The parties are advised of the following:

1.   That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to this Order within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

/

/

---

[1] The parties are advised the court will enter a written order summarizing its decision as to Plaintiff's Doc. # 216, component "B".

3

Minutes of Proceedings
3:10-cv-00657-LRH-WGC
January 21, 2015

    2.  That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**IT IS SO ORDERED.**

11:39 a.m.  Court adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
        Katie Lynn Ogden, Deputy Clerk