UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MANUEL QUIROZ, JR., | ) | 3:10-cv-00657-LRH-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | re: Doc. # 216, Subpart B: |
| JEFFREY A. DICKERSON, | ) | **Plaintiff's Request For Assignment or Turn-Over Order of Monies Received from Dickerson's Civil Cases** |
| Defendant. | ) | |

Before the court is Subpart "B" of Plaintiff Quiroz's motion (Doc. # 216),[1] entitled "Plaintiff, Judgment Creditor's Request for A) Court Ordered Payments from Defendant/Debtor Dickerson Towards Satisfying the Judgment, B) For Assignment or Turn-Over Order of Monies Received from Dickerson's Civil Cases and C) for a Monthly Accounting of All Income Received by Dickerson Commencing December 1, 2014 and Thereafter." This Order addresses only subpart B of Plaintiff's Request, i.e., "Assignment or Turn-Over Order of Monies Received from Dickerson's Civil Cases."

The court resolved Plaintiff's motion (Doc. # 216), as well as Defendant's Emergency Request to File Under Seal (Doc. # 224), and Defendant's Motion to Determine SEP Accounts Exempt (Doc. # 220) at a hearing conducted on January 21, 2015. *See*, Minutes of Proceedings, Doc. # 235.[2] However, because of the novel nature of the "Turn-Over" order entered relative to Plaintiff's writ of execution (Doc. # 162), the court indicated that in addition to its ruling set forth in the court's minutes, the court would also enter its written decision on the issues presented by Subpart B of Doc. # 216.

---

[1] Refers to court's docket number.

[2] Subpart A of Plaintiff's motion, which requested the court enter an order requiring Dickerson to make monthly payments to Quiroz, was denied because of the lack of clarity in the agreement, if any, between the parties. Subpart C of Plaintiff's motion requested a monthly accounting of all income received by Dickerson commencing December 1, 2015. (Doc. # 216) As to that issue, Dickerson voluntarily agreed to provide Plaintiff the accountings at the January 21, 2015 hearing. Therefore, Subpart C of Doc. # 216 was denied as moot. Subpart B, which is the subject of this Order, was granted in part.

**BACKGROUND**

Plaintiff Manuel Quiroz, Jr., is a judgment creditor of Jeffrey A. Dickerson. (Doc. # 134.) Plaintiff has already obtained a writ of execution against Defendant in the principal amount of $449,914.00 (Doc. # 162.) After securing a judgment against Defendant, Plaintiff sought an order of this court to require Dickerson to appear for a debtor's examination under oath and to produce certain financial documents at the requested examination. (Doc. # 163.)

When granting Plaintiff's motion for the debtor's examination, the court noted that Fed. R. Civ. P. 69 states that a judgment creditor may seek to enforce a judgment by a writ of execution. (Doc. # 169.) Rule 69 further states that "proceedings supplementary to and in aid of judgment or execution...must accord with the procedures of the state where the court is located." Rule 69(a)(1). The Nevada statutes pertaining to the supplementary proceedings for execution of judgment are found in Chapter 21 of the Nevada Revised Statutes (NRS 21.270-21.340). Limitations on garnishment on disposable earnings, found in Chapter 31 of the Nevada Revised Statutes, also pertain to these proceedings. The present dispute follows Plaintiff's debtor's examination, the testimony provided by Dickerson at that examination, and the turn-over request in Plaintiff's motion. (Doc. # 221-1, pp. 1-42 (transcript); Doc. # 216 Subpart B.)

**ANALYSIS**

Plaintiff contends that Defendant Dickerson has continually thwarted any attempt to execute on and satisfy the money judgment Plaintiff has recovered. As pertinent to the pending motion, Plaintiff makes reference to an examination of Defendant under oath at which time Dickerson was "questioned about whether he was to request and/or receive monies from the over 50 Civil Cases wherein he was representing plaintiffs on a contingency basis prior to his State Bar mandated suspension to practice law." (Doc. # 216 at 2.)[3] Although Plaintiff contends he was assured by Defendant that any residual contingent fees to which Defendant might be entitled would be documented to Plaintiff, Quiroz represents that specific information about Defendant's contingency cases has not been received. Plaintiff

---

[3] On May 9, 2014, the Nevada Supreme Court suspended Dickerson, an attorney, from the practice of law for 18 months. (Nev. Sup. Ct. No. 62093.) On July 3, 2014, the United States District Court for the District of Nevada indefinitely suspended Dickerson from the practice of law in this court. (Dist. Of Nevada # AD-2014-0001.) It appears, however, Mr. Dickerson has retained his ability to practice before the Ninth Circuit Court of Appeals. (Doc. # 221-1 at 25.)

therefore requests intervention of the court with respect to "the over 50 civil cases" as to which Dickerson may be entitled to fees.[4]

In support of this proposition, Plaintiff cites Nev Rev. Stat. 21.320 in pertinent part, as follows:

> [the court] may order property applied toward satisfaction of judgment. The judge or master may order any property of the judgment debtor not exempt from execution in the hands of such debtor or any other person or due to the judgment debtor to be applied toward the satisfaction of the judgment."

(Doc. # 216 at 4.)[5]

Based on this statute, Plaintiff requested the court order "assignment or turn-over such that any monies that Dickerson receives from the aforementioned Civil Cases be turned over to me or the court's registry, towards satisfaction of the Judgment, and that Dickerson be ordered not to dispose of any of the monies he receives from the aforementioned Civil Cases.***" (Doc. # 216 at 5.) Plaintiff also requested that Dickerson be ordered to provide him a monthly accounting of his profits and expenses.

In response, Defendant Dickerson asserted that Plaintiff should have explored Defendant's "entitlement to fees from cases pending before the suspension" at Defendant's deposition: "this should have been raised at the time. Quiroz never followed up to obtain any specifics regarding any of those cases." (Doc. # 232 at 2.) Defendant also argues in any event that Nev. Rev. State 31.295 limits the "garnishment of disposable earnings to twenty-five percent. NRS 31.295(2)(a); see also NRS 21.090(g) (75% of disposable earnings of the judgment debtor are exempt from execution)." (Doc. # 232 at 2.)

Other than citing Nev. Rev. Stat. 21.230, Plaintiff's memorandum provides little insight as to the court's authority to, as Plaintiff styles it, "turn-over" monies Dickerson might receive from any residual cases in which Dickerson was involved as counsel. (Doc. # 216 at 2-3, 5.)

Dickerson's "Opposition to Docket 216" (Doc. # 232) provides no greater assistance regarding the court's authority, if any, to require a judgment debtor to assign his expectancy of residual fees from the cases in which Dickerson was involved as counsel to Plaintiff. (Doc. # 232.) Defendant states:

///

---

[4] Defendant testified at his deposition that despite his suspension, he is still "consulting" on certain legal matters. (Doc. # 221-1 at 24-25.) Dickerson also stated he may be entitled to fees, on a "quantum meruit" basis, on those matters where he formerly was counsel. (*Id*. at 26-27.) These appear to constitute the residual cases in which Dickerson is involved.

[5] Plaintiff also cites Nev. Rev. Stat. 21.340 regarding contempt of master's orders which the court finds is irrelevant to this issue.

3

> Quiroz' next requests judicial assignment or a turnover order that income from Dickerson's civil cases where he was retained before the suspension be turned over to Quiroz or the Court's registry toward the satisfaction of the judgment. Of course, NRS 31.295 limits garnishment of disposable earnings to 25%. NRS 31.295(2)(a); *see also* NRS 21.090(g) (75% of disposable earnings of the judgment debtor are exempt from execution). Even if Quiroz' assumptions regarding monthly disposal (sic) income are correct, he would at the maximum be entitled to $1,750.00. But this assumes that his premise about disposable income is correct. Again, questioning in that regard was based upon assumptions given by Quiroz based upon his review of bank records. Quiroz did not at the deposition go through those records with Dickerson to establish the sources of the deposits and the business expenses deducted from those deposits leading to what would be potentially be (sic) disposable income. Quiroz made no effort to distinguish between sources of income going into the business account and whether those would qualify as "income" in the first place.

(*Id.*, at 3-4.)

Defendant discusses neither the statute on which Quiroz relies (Nev. Rev. Stat. 21.320) nor any case authority pertaining to this statute. Dickerson, however, does not dispute the ability of this court to judicially assign income or fees which Defendant might receive. Rather, as noted above, Dickerson contests the amount or percentage of disposable income which might subject to the assignment.[6]

Plaintiff's reply memorandum mainly addressed Plaintiff's argument that Dickerson at his debtor's examination agreed to make certain monthly payments to Quiroz, ranging from $3,000.00 per month to "something less than that." (Doc. # 233 at 5-6.) Plaintiff's comments about the "pay over" mainly pertained to what amount, if any, Plaintiff may claim as an exemption. (*Id.* at 8.)

Nev. Rev. Stat. 21.320 has drawn the attention of the appellate courts on only a few occasions. First, in *Hagerman v. Tong Lee*, 12 Nev. 331, 1877 Nev. Lexis 36 (1877), a decision under a predecessor statute, the Nevada Supreme Court stated that "[i]t must be clear and undisputed that the judgment debtor is entitled to the title of any asset held by a third party before the judgment creditor may execute against that asset." *Tong Lee* sheds little light on the power of the court to "turn over" income expectancies of the Defendant because if one assumes Dickerson was entitled to any fees, the "title" issue would not arise. Plaintiff only seeks judicial assignment of fees which might be distributed to Dickerson, not fees held by a party or another attorney.

---

[6] As discussed *infra*, the question of judicial assignment is an issue intertwined with the amount of exempted income. In that regard, although a judicial assignment of assets only authorizes application of property "not exempt from execution" (Nev. Rev. Stat. 21.320), it appears that it is nonetheless incumbent upon the judgment debtor to assert an entitlement to an exemption. Unfortunately, Dickerson did not address how the amount of exempt property which may be assigned under Nev. Rev. Stat. 21.320 would be ascertained in advance of or concomitant with the court entering any order of judicial assignment.

*Greear v. Greear*, 303 F.2d 893 (9th Cir. 1962), dealt with the issue of a community estate's obligations for a prior debt of the defendant former husband and what exemptions may be applicable to an attempt to execute on a judgment. The only reference in the decision of the Ninth Circuit to the statute at hand, which appears to be *dicta*, stated as follows: "Moreover, the supplementary proceedings provided by N.R.S. 21.270 to 21.340 permit of (sic) the examination of the debtor and witnesses and also provide means for dealing with a situation where the property is claimed by a third party." 303 F.2d at 896.

These "supplementary proceedings" (as Nev. Rev. Stat. 21.270 - 21.340 are captioned), include the debtor's examination process discussed by this court in Doc. # 169 and Nev. Rev. Stat. 21.270. Although § 21.320 was within the range of supplementary proceedings mentioned by the *Greear* court, the statute was not specifically addressed by the court. But unlike the *Greear* decision which noted these statutes may provide a remedy to a judgment creditor as against "property...claimed by a third party," as noted above, Quiroz is not seeking to claim the entitlement to fees earned and held by another attorney but rather only those sums which the associated attorney might disburse as fees to Dickerson. (Doc. # 216 at 2.)

The third case to address this statue was *Greene v. Eighth Judicial Dist. Court of Nevada*, 990 P.2d 184 (1999). Although this decision mainly dealt with amending a complaint after judgment has been entered, the Nevada Supreme Court stated that in accordance with Nev. Rev. Stat. 21.320, a "judge may order any property of the judgment debtor to be applied toward satisfaction of the judgment, whether it is in the possession of the judgment debtor or a third party, as long as it is not exempt from execution." 990 P.2d at 186. This is precisely the relief Plaintiff seeks herein: for the court to order that any property of Dickerson (i.e., the expectancy of income) be applied to the judgment. While this property may not yet be in the possession of the judgment debtor, there is a certain expectancy of receipt of fee income to which Dickerson claims an entitlement. It is this income which Plaintiff seeks to have judicially assigned.

More recently, the Nevada Supreme Court ruled this statute authorized a judge to "judicially assign" an asset of the judgment debtor, in that instance, a "right of action." *Gallegos v. Malco Enterprises of Nevada, Inc.*, 255 P.3d 1287, 1289 (Nev. 2011).

This court therefore concludes it has the ability and power to judicially assign any non-exempted income Defendant Dickerson may receive from prior (or pending) cases in which Dickerson was/is involved as counsel or consultant to the judgment creditor. The court notes, however, its order does *not* extend to attorneys or law firms who or which may possess fees to which Dickerson may potentially be entitled. This order, per the nature of Plaintiff's request (Doc. # 216, Subpart B), would only activate when the fees were to be distributed to Dickerson. It would be at that instance that such fees would be, and hereby are, judicially assigned to Quiroz.

However, the court further observes the fees which would be judicially assigned would be captured by Quiroz *only* to the extent the property is "not exempt from execution." Nev. Rev. Stat. 21.320 and 31.295. *Gallegos*, 255 P.3d at 1289; *Greene*, 990 P.2d at 186. *See also*, Nev. Rev. Stat. 21.075(12) and 21.090(1)(g).

There are many variables in determining to what extent income may be exempt. The statutory scheme on Proceedings Supplementary to Execution is silent on what income is considered exempt. Defendant points the court to the Nevada statutes on garnishment of income, Nev. Rev. Stat. 31.295, which generally limit garnishment to 25% of "disposable earnings." Similarly, Nev. Rev. Stat. 21.075(12) and 21.090(1)(g) exempt a similar portion of disposable income from execution. The court concludes Plaintiff's ability to garnish (via judicial assignment of any fees Dickerson may receive) to be limited to a maximum of 25% of his disposable earnings. Disposable earnings is defined in Chapters 21 and 31 of the Nevada Revised Statutes as that part of the earnings of any person remaining after the deduction from those earnings of any amounts required by law to be withheld. Any garnishment of income effected by Plaintiff would be constrained by this limitation. Nev. Rev. Stat. 21.090(g)(1); 21.075(12); 31.295(2)(a).

The complicating factor is that although Nev. Rev. Stat. 21.320 only authorizes judicial assignment of property not exempt from execution, the Nevada Revised Statutes require the debtor to assert a claim of exemption, after which certain obligations are imposed on the creditor. Nev. Rev. Stat. 21.075 and 21.112(2). Thus, there appears to be somewhat of a contradiction between the court's authority to only assign non-exempt assets and the debtor's obligation to assert a claim of exemption. The court resolves this conflict by concluding the judicial assignment would only apply to non-exempt

6

property (Nev. Rev. Stat. 21.320), but that it is the duty of the debtor to assert the exemption after judicial assignment is triggered (Nev. Rev. Stat. 21.112).

Because of the nature of this proceeding and the intensive involvement of the court, if Plaintiff executes the writ upon fee income Plaintiff might receive (Nev. Rev. Stat. 21.112(1)), and if Defendant seeks to assert an exemption (Nev. Rev. Stat. 21.112(2)), the court would suggest the parties, Plaintiff in particular, thereafter file a motion in *this* proceeding to determine whether the property or money is exempt as is authorized by Nev. Rev. Stat. 21.112(6).

## CONCLUSION

It is the order of this court than when any non-exempt fees are distributed to Dickerson, such fees are immediately judicially assigned to Plaintiff Manuel Quiroz. Plaintiff's ability to garnish (via judicial assignment of any fees Dickerson may receive) is limited to a maximum of 25% of the disposable earnings. It is the debtor's obligation, however, to also assert any claim of exemption as to all or part of those fees.

**IT IS SO ORDERED.**

DATED:   January 23, 2015

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE