UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MANUEL QUIROZ, JR., ) | |
| ) | |
| Plaintiff, ) | 3:10-cv-0657-LRH-WGC |
| ) | |
| v. ) | |
| ) | ORDER |
| JEFFREY A. DICKERSON., ) | |
| ) | |
| Defendant. ) | |

Before the court is defendant Jeffrey A. Dickerson's ("Dickerson") objection to the Magistrate Judge's January 23, 2015 order requiring Dickerson to pay 25% of his disposable monthly income earned from former civil cases to plaintiff Manuel Quiroz, Jr. ("Quiroz") pursuant to Nevada Revised Statutes Section 21.320 (Doc. #236[1]). Doc. #237.

**I.    Facts and Background**

This action arises out of defendant Jeffrey A. Dickerson's ("Dickerson") representation of Quiroz's wife, Vivian Simon, and her relatives Donald and Ed Simon, in a separate action prosecuted in the District of Nevada ("the Simons action").[2] As part of the underlying litigation, Quiroz advanced a large sum of money for litigation expenses which was supposed to be repaid

---

[1] Refers to the court's docket number.

[2] *See Simon v. United States Welding Co.*, 3:04-cv-0472-ECR.

from any settlement or damages awarded in the Simons action. The Simons action settled and Dickerson disbursed the settlement proceeds. However, Dickerson did not use any of the settlement proceeds to pay Quiroz for the funds he advanced.

On June 1, 2010, Quiroz filed a complaint against Dickerson alleging three causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) breach of fiduciary duty. Doc. #1. A jury trial was held on Quiroz's claims in January 2013. On January 22, 2013, the jury returned a verdict in favor of Quiroz and against Dickerson for almost $450,000. Doc. #134. Quiroz then sought a writ of execution on the judgment (Doc. #150) which was granted by the court (Doc. #164). After the writ of execution was entered, Quiroz filed a motion for court ordered payments (Doc. #216) which was granted in-part by the Magistrate Judge (Doc. #236). In that order, the Magistrate Judge ordered that Dickerson pay Quiroz 25% of Dickerson's non-exempt fees from former civil cases to which he is entitled to fees. *Id*. In response, Dickerson filed the present objection. Doc. #237.

**II.   Discussion**

Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a magistrate judge pursuant to LR IB 1-3 where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. In his objection, Dickerson argues that the Magistrate Judge's January 23, 2015 order requiring him to pay 25% of his non-exempt income was clearly erroneous because under Rule 69(a), the court may only issue a writ of execution allowing a party to collect on a judgment and may not issue additional collection methods. *See* Doc. #237.

Generally, federal courts are not permitted to enforce monetary judgments other than by writ of execution, except in cases where established principles so warrant or the court otherwise directs. *See* FED. R. CIV. P. 69(a); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147-48 (9th Cir. 1983) (holding that the court could not issue a fine of contempt against a party in order to satisfy a judgment). Dickerson contends that the Magistrate Judge's reliance on NRS 21.230 was an

2

1 improper attempt to force him to pay a money judgment other than through a writ of execution, and
2 therefore, the order was clearly erroneous. The court disagrees.

3       Under NRS 21.230 a "judge may order any property of the judgment debtor to be applied
4 toward the satisfaction of the judgment, where it is in possession of the judgment debtor or a third
5 party, as long as it is not exempt from execution." *Greene v. Eight Judicial Dist. Court of Nevada*,
6 990 P.2d 184 (1999). Judicial assignment of money or property to satisfy a judgment is one of the
7 established principles to enforce a monetary judgment. In contrast to *Shuffler*, where the court
8 issued a daily $500 contempt fine against a party who had not yet paid a judgment in order to force
9 payment of that judgment, the Magistrate Judge's order simply assigns money to Quiroz as part of
10 Quiroz's execution on the judgment. The judicial assignment of assets is not an equitable remedy
11 like that of a civil contempt sanction and thus, is permitted under Rule 69(a). *See Gabovitch v.*
12 *Lundy*, 584 F.2d 559, 560 n.1 (1st Cir. 1978) (holding that equitable remedies, even those permitted
13 by Rule 70, are seldom appropriate aids to execution of a money judgment). As such, it was not
14 error for the Magistrate Judge to issue the underlying order. Therefore, the court shall overrule
15 Dickerson's objection.

17       IT IS THEREFORE ORDERED that defendant's objection (Doc. #237) is OVERRULED.
18       IT IS SO ORDERED.
19       DATED this 8th day of July, 2015.

                                                        LARRY R. HICKS
                                                        UNITED STATES DISTRICT JUDGE