UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MANUEL QUIROZ, JR., | ) | 3:10-cv-00657-LRH-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | re: ECF No. 254 |
| JEFFREY A. DICKERSON, | ) | |
| Defendant. | ) | |

Before The court is Defendant Jeffrey Dickerson's Motion for Stay Pending Appeal. (ECF No. 254).[1] Plaintiff Quiroz has opposed. (ECF No. 256.) For the reasons expressed in this order, the court denies Plaintiff's motion for stay.

On January 22, 2013, the District Court entered judgment in favor of Plaintiff against Defendant for compensatory damages in the amount of $224,914.00 with prejudgment interest at the federal rate from May 10, 2010, and post-judgment interest at the federal rate from the date of judgment; for pain and suffering in the amount of $100,000.00 with post judgment interest at the federal rate; for punitive damages in the amount of $125,000.00 with post judgment interest at the federal rate; and for costs. (ECF No. 134.) Defendant appealed that judgment. (ECF No. 139.)

On January 23, 2015, this court entered an order judicially assigning to Plaintiff Quiroz 25% of any non-exempt attorney fee income Defendant might accrue from his residual cases following his suspension from the practice of law. (ECF No. 236, the "pay-over order".) Defendant objected to this court's decision. (ECF No. 237.) District Judge Larry Hicks overruled Defendants' objection and sustained the order on July 8, 2015. (ECF No. 239.) Defendant subsequently filed an amended notice of appeal as to ECF No. 236. (ECF No. 240.)

---

[1] Refers to court's docket number.

Now, some nine months after the court entered its "pay-over order," Defendant seeks to stay the requirement that he pay a percentage of any residual fee income; alternatively, it appears he asks the court to have the attorney fee income payments paid into the court's registry. (ECF No. 254.) Defendant cites no authority for his request, other than to state that if Defendant prevails on any appeal on the "pay-over" order that he (Defendant) might not get reimbursed. (*Id.*, at 3.)

A similar issue was presented to the U.S. District Court for the Central District of California. *Inhale, Inc., v. Starbuzz Tobacco, Inc.*, No. 2:11-cv-3838 (1/30/13) 2013 WL 361109. In that case, Inhale filed a motion for stay of execution of judgment pending appeal. The District Court stated Inhale would be entitled to a stay of execution under Fed. R. Civ. P. 62(a. The amount of the bond is discretionary with the district court. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir, 1987).

Similarly, in the present case, District Judge Larry R. Hicks entered an order on November 1, 2013, which provided that the court would grant defendant Dickerson's motion for stay of judgment pending appeal (ECF No. 190) on the condition that he post a full supersedeas bond in the amount of $451,048.22 with a qualified third-party financial institution within 20 days of the order. (ECF No. 196.) Defendant did not do so and has made no subsequent offer to post a supersedeas bond. Had Defendant done so, the court might consider Defendant's motion in a different light. As the Court ruled in *Inhale*, and in view of Judge Hicks' prior order on a related issue, if this court were to grant Defendant's motion, in view of Defendant's self admitted "lack of funds," this court would also require a supersedeas bond to protect Plaintiff's ability to collect at a future time. This court makes this determination on the conclusion Defendant will not be successful at the appellate level on either the judgment or the "pay-over order."

As noted above, the "pay-over" which this court entered has been reviewed and sustained by District Judge Larry Hicks. From the myriad of motions Plaintiff has filed, it appears he has been thwarted thus far in his attempts to have Defendant satisfy any meaningful portion of the judgment. Thus, this court is not inclined to relieve Defendant from his obligation to make even nominal payments to Plaintiff.

///

///

Defendant's motion to stay execution pending appeal (ECF No. 254) is **DENIED.**

**IT IS SO ORDERED.**

DATED: November 3, 2015

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE