UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL QUIROZ, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY A. DICKERSON,<br><br>    Defendant. | Case No. 3:10-CV-00657-LRH-WGC<br><br>**ORDER**<br><br>**Re: ECF No. 279** |

Before the court is the parties' Stipulation to seal "certain matters [which] have been attached to Plaintiff's Motion work." (ECF No. 279.)[1] Although the parties' stipulation refers to "sealing" certain matters, the text of their stipulation requests that the identified documents also be redacted.

**Background**

The request for redacting apparently arises from the court's Minutes of Proceedings of November 9, 2015, which state the court would entertain a request that certain of Plaintiff's filings which refer to Defendant's confidential information not only be sealed but redacted. (ECF No. 262 at 2.

After reviewing the November 9, 2015, recordings of proceedings, the court confirmed there was no statement made by the court that the documents asserted to be confidential could be redacted. The record should have reflected the court stated it would consider authorizing sealing of the records, but not redaction as well.  This component of the minutes (ECF No. 262 at 2) are in error and have subsequently been corrected with the filing of amended minutes. (ECF No. 280.)

---

[1] Refers to court's Electronic Case Filing (ECF) number.

1  While there is justification to seal the requested information, redacting the data contained
2  in the specified documents would be improper. The court and parties have already utilized this
3  information in motions, arguments and orders. Redacting this information would be tantamount
4  to removing them from the record of this case and would be inappropriate. Therefore, the court
5  will address the stipulation only as it pertains to the sealing of the specified documents as the
6  court will not approve of any redaction of them.

### Legal Standard Regarding Sealing of Records

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025(9th Cir. Mar. 20, 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted).

"A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard," which means the party must " articulate[] compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana*, 447 F.3d at 1178 (internal quotation marks and citations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of

1    records to gratify private spite, promote public scandal, circulate libelous statements, or release

2    trade secrets." *Kamakana*, 447 F.3d at 1179 (citing Nixon, 435 U.S. at 598).

3        However, the Ninth Circuit has applied the lesser "good cause" showing from Federal

4    Rule of Civil Procedure 26(c) in some circumstances, such as when a party seeks to seal

5    materials filed in connection with a discovery motion. *See id*. at 1179-80. Federal Rule of Civil

6    Procedure 26(c) governs protective orders issued in the discovery process and provides: "The

7    court may, for good cause, issue an order to protect a party or person from annoyance,

8    embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c).

9        Many courts within the Ninth Circuit, including this one, previously determined whether

10   to apply the "compelling reasons" standard or the lesser "good cause" standard by looking at

11   whether a motion was dispositive or non-dispositive. *See Kamakana*, 447 F.3d at 1179; see also

12   *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d1092, 1097 (9th Cir. 2016).

13       The Ninth Circuit recently clarified, however, that the key in determining which standard

14   to apply is not whether the proposed sealed documents accompany a dispositive or non-

15   dispositive motion. *Center for Auto Safety*, 809 F.3d at 1101. "Rather, public access will turn on

16   whether the motion is more than tangentially related to the merits of a case." *Id.*

17       This court, and others within the Ninth Circuit, have recognized on various occasions that

18   the need to protect certain documents, such as medical documents qualifies as a "compelling

19   reason" for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins.*

20   *Co.*, 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins.*

21   *Co.*, 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2

22   (D.HI. June 25, 2010); *Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010);

23   *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz. May 4,

24   2009). Other categories of documentation which have been approved for sealing include trade

25   secrets. *McDonnell v. Southwest Airlines Co.*, 292 Fed. Appx, 679, 680 (9th Cir. 2008).

### Discussion

27       The court notes that the parties do not seek to seal <u>all</u> of the filings related to Plaintiff's

28   attempts to gain enforcement of the judgment entered in this matter (ECF No. 134), which

1  revolve around financial issues pertaining to Mr. Dickerson's ability or willingness (or inability
2  or unwillingness, depending on the parties' perspective) to satisfy the judgment. Instead, the
3  parties have agreed that only three pages of filings are sensitive financially to Mr. Dickerson and
4  should be protected from public scrutiny. The records were filed with the court after the case has
5  been concluded on the merits and, as noted above, proceeds now primarily with respect to
6  Mr. Quiroz's attempts to execute on the judgment. The court agrees that these records should be
7  afforded protection similar to that provided medical records or trade secrets as there is no need
8  for public access to Defendant Dickerson's financial records. There is no compelling reason that
9  Defendant's selected financial records should be in the public domain.
10  Here, the documents the parties wish to seal are identified as: Exhibit B to ECF No. 251
11  (ECF No. 251 at p. 18 of 19); Exhibit A to ECF No. 255 (ECF No. 255 at p. 8 of 12); and
12  Exhibit A to ECF No. 260 (ECF No. 260 at p. 11 of 27).  These documents contain
13  Defendant's sensitive financial information. Balancing the need for the public's access to
14  information regarding Defendant's financial information against the need to maintain the
15  confidentiality of these Exhibits weighs in favor of sealing them.
16  Therefore, the stipulation of the parties, (ECF NO. 279) is **GRANTED IN PART** and the
17  court **SEALS** Exhibit B to ECF No. 251 (ECF No. 251 at p. 18 of 19); Exhibit A to ECF No.
18  255 (ECF No. 255 at p. 8 of 12); and Exhibit A to ECF No. 260 (ECF No. 260 at p. 11 of 27).
19  **IT IS SO ORDERED.**
20  DATED:  February 16, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

- 4 -