UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MANUEL QUIROZ, JR.,

Plaintiff,

v.

JEFFREY A. DICKERSON,

Defendant.

3:10-cv-0657-LRH-WGC

ORDER

Before the court is defendant Jeffrey A. Dickerson's ("Dickerson") objection to the Magistrate Judge's November 13, 2015 order requiring Dickerson to pay 25% of all his disposable monthly income to plaintiff Manuel Quiroz, Jr. ("Quiroz") (ECF No. 261). ECF No. 265.

I.  **Facts and Procedural History**

This action arises out of defendant Jeffrey A. Dickerson's representation of Quiroz's wife, Vivian Simon, and her relatives Donald and Ed Simon, in a separate action prosecuted in the District of Nevada ("the Simons action"). As part of the underlying litigation, Quiroz advanced a large sum of money for litigation expenses which was supposed to be repaid from any settlement or damages awarded in the Simons action. The Simons action settled and Dickerson disbursed the settlement proceeds. However, Dickerson did not use any of the settlement proceeds to pay Quiroz for the funds he advanced.

On June 1, 2010, Quiroz filed a complaint against Dickerson alleging three causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair

dealing; and (3) breach of fiduciary duty. ECF No. 1. A jury trial was held on Quiroz's claims in January 2013. On January 22, 2013, the jury returned a verdict in favor of Quiroz and against Dickerson for almost $450,000. ECF No. 134. Quiroz then sought a writ of execution on the judgment (ECF No. 150), which was granted by the court in the principal amount of $449,914.00. ECF No. 162; ECF No. 164. After the writ of execution was entered, Quiroz filed a motion for court ordered payments (ECF No. 216) which was granted in-part by the Magistrate Judge (ECF No. 236). In that order, the Magistrate Judge ordered that Dickerson pay Quiroz 25% of Dickerson's non-exempt fees from former civil cases to which he is entitled to fees. *Id.* In response, Dickerson filed an objection (ECF No. 237), which this court overruled. ECF No. 239. Thereafter, Quiroz filed a motion for assignment of all Dickerson's income from any source, stating that Dickerson had been suspended from the practice of law in the state of Nevada and had not been paying the 25% of income from his former civil cases as originally ordered. ECF No. 251. Accordingly, the Magistrate Judge ordered Dickerson pay Quiroz 25% of all Dickerson's disposable monthly income, not just income earned from former civil cases, holding that it was a logical extension of the original order. ECF No. 261. In response, Dickerson filed the present objection to the Magistrate Judge's order. ECF No. 265.

**II.     Discussion**

Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a magistrate judge pursuant to LR IB 1-3 where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. In his objection, Dickerson argues that the Magistrate Judge's November 13, 2015 order was clearly erroneous because the court has no powers to order him to pay Quiroz outside of its power to issue a writ of execution in supplemental proceedings. Dickerson made a similar argument when objecting to the January 23, 2015 order. ECF No. 237. Additionally, Dickerson argues the Magistrate Judge's November 13, 2015 order is

ineffective as to any October income because the assignment arose on the date of the order and thus was not in effect in October. This court disagrees with both contentions.

This court had already addressed and discussed Dickerson's argument that the court has no execution powers beyond its power to issue a writ of execution in supplemental proceedings in its previous order overruling Dickerson's objection to the Magistrate Judge's January 23, 2015 order. *See* ECF No. 239. Specifically, this court said "judicial assignment of assets is not an equitable remedy like that of a civil contempt sanction and thus, is permitted under Rule 69(a)." *Id*. Further, this court finds that the Magistrate Judge's November 13, 2015 order is effective as to Dickerson's October income and is not clearly erroneous. Quiroz filed a motion for assignment of 25% of all of Dickerson's monthly business and/or household income on October 15, 2015. ECF No. 251. Thus, Dickerson was on notice that his October income might be subject to judicial assignment. Further, Dickerson has been on notice since the writ of execution of judgment was entered that he would owe that sum of money at some point in time. Just because he was not making payments on that judgment, does not mean that the Magistrate Judge's order was in error. Therefore, the court shall deny Dickerson's objection.

IT IS THEREFORE ORDERED that defendant's objection (ECF No. 265) is OVERRULED.

IT IS SO ORDERED.

DATED this 1st day of August, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE