# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL QUIROZ, JR., | 3:10-cv-00657-LRH-WGC |
| Plaintiff, | **ORDER** |
| vs. | |
| JEFFREY A. DICKERSON, | |
| Defendant. | |

This order will address (1) Defendant Jeffrey Dickerson's failure to appear at the court's status conference scheduled for January 25, 2017, and (2) Dickerson's transfer of funds from a retirement account in apparent contravention of prior court orders, and to show cause why he (Dickerson) should not be held in contempt thereby.

**(1)  Failure to Appear at Status Conference**

On December 2, 2016, Senior District Judge Larry R. Hicks entered an order directing Dickerson to file a status report concerning Dickerson's "compliance with all prior court orders." (ECF No. 291 at 2-3.) Dickerson thereafter submitted a document entitled "Status Report Per ECF No. 291" (ECF No. 292). The undersigned found Dickerson's report did not satisfy the requirements of Judge Hicks' order and directed Dickerson "to fully supplement his report to provide all of the information Defendant was directed to provide as per Judge Hicks' order." (ECF No. 293 at 2.) Dickerson's supplemental report was due on or before January 6, 2017; Plaintiff was directed to file a response on or before January 20, 2017.

/ / /

Dickerson filed his supplemental report on January 6, 2017 (ECF No. 294). Plaintiff filed a response on January 6, 2017 (ECF No. 295), and a further response filed under seal, on January 17, 2017 (ECF No. 296).

On January 10, 2017, the court directed the Courtroom Administrator to coordinate the scheduling of a status conference on Dickerson's reports and Plaintiff's responses. After an exchange of emails on January 10, 2017, between Mr. Dickerson and the Courtroom Administrator, Mr. Dickerson confirmed his (Dickerson's) availability for January 25, 2017, at 10:00 a.m. A Notice of Electronic Filing of the scheduling of the telephonic January 25, 2017, status conference was entered on January 10, 2017; a copy was mailed to Dickerson at his address on the docket. (ECF No. 296.)

Plaintiff Quiroz telephoned the court at the appointed hour. When Dickerson failed to call in for the conference, the Courtroom Administrator called Mr. Dickerson's office only to be transferred to voicemail. At approximately 10:15 a.m., the undersigned personally telephoned Mr. Dickerson's office and was similarly transferred to voicemail. The court then reported Dickerson's failure to appear on the record. (ECF No. 298.)

Accordingly, on or before **February 3, 2017**, Dickerson is therefore ordered to show cause why he should not be held in contempt for failing to appear at the scheduled hearing.

**(2)     Transfer of Funds from Dickerson Retirement Account(s)**

**(a)     The Prohibition Against Transfer of Retirement Account Funds**

Plaintiff's response to Dickerson's status reports (ECF Nos. 295 & 296) included extracts of Dickerson's 2015 Joint Individual Tax Return (ECF No. 297 at 9-13). Under the "Income" section of the return, Dickerson reported distributions from "pensions and annuities" in the amount of $146,473, $14,149 of which was designated as taxable income. (*Id*. at 9, ¶ 16 a.) The balance of $132,324 would presumably have been received by Dickerson as taxable income. Regardless of whether the funds withdrawn were taxable or non-taxable, it is apparent Dickerson withdrew $146,473 from his retirement account(s).

The court is gravely troubled by reason of this distribution. First, this court has previously - on two occasions - ordered that until the issue of the exempt/non-exempt nature of Defendant's retirement accounts could be ascertained, Defendant was precluded from attempting to transfer any funds from what

the court noted were Defendant's "business and/or retirement or retirement-type accounts maintained by Mr. Dickerson and/or his law office with several different institutions." (ECF No. 218 at 2, 3.) (November 25, 2014.)

The discussions the court and parties undertook regarding the retirement accounts was whether Quiroz could attempt to levy or execute against the funds in such accounts. See, e.g., ECF No. 215, et seq. If the accounts were exempt from execution by reason of state or federal law, then Quiroz would not be entitled to execute against them. However, this court never reached that issue (ECF No. 35) nor did the court ever address the issue of whether the funds in an exempt retirement account would lose that exempt status upon distribution to the beneficiary.

Although declining to rule in November of 2014 on the exempt nature of the retirement accounts, the court approximately two months later again prohibited Dickerson from transferring funds out of such accounts. The minutes of the court's hearing of January 21, 2015 state:

> Following the court's ruling [declining to ascertain the exempt status of the accounts], Mr. Dickerson makes an oral motion to vacate the court's order found at Doc. #218, ¶ II, relating to Defendant Dickerson being prohibited from transferring funds out of specific retirement (SEP) accounts.
>
> The court finds that, until there is resolution between the parties regarding any exempt or non-exempt accounts as to Defendant Dickerson, the court's order found at Doc. #218, ¶ II shall continue. Therefore, Mr. Dickerson is precluded from transferring funds out of the accounts identified at page 2 of his opposition until further order of this court. Mr. Dickerson's oral motion to vacate order is **DENIED**.

(ECF No. 235 at 2.)

Defendant filed an objection to ECF No. 235 and to another order this court entered at ECF No. 236. (Defendant's objection, ECF No. 237.) District Judge Hicks overruled Defendant's objections. (ECF No. 239.)

No order was ever sought by Dickerson requesting the court to remove the prohibition against distribution from any retirement-type account(s).

It would appear, therefore, that Defendant Dickerson's distributions of "pensions and annuities" are in violation of the various orders of the U.S. District Court. Defendant is directed to explain, on or before **February 3, 2017**, why such distribution(s) were not in contravention of this court's orders and why Defendant Dickerson should not be held in contempt of this court's orders prohibiting such transfer.

**(b)     The Requirement of Assignment to Quiroz of 25% of Non-Exempt Income**

This court has previously ordered Defendant to assign and/or "pay over" to Plaintiff Quiroz 25% of his disposable income. (ECF No. 277.) (Defendant did not pursue an objection to this order.) The order entered on January 20, 2016, pertained to income "commencing with Defendant's October 2015 obligation." (ECF No. 277 at 7.)

Defendant is directed to report to the court, on or before **February 3, 2017**, when the distribution(s) from Defendant's retirement account occurred. If the distributions occurred subsequent to September 30, 2016, Defendant shall explain why 25% of such distribution(s) was not assigned or paid over to Plaintiff Quiroz. If such distribution was made after September 30, 2016, Defendant shall further explain why he should not be held in contempt for not complying with this court's assignment/pay-over orders.

**IT IS SO ORDERED.**

DATED: January 26, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

4